UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax (609) 348-6834
mviscount@foxrothschild.com
rpatella@foxrothschild.com

**WHITE & CASE LLP**
John K. Cunningham, Esq. (admitted *pro hac vice*)
Richard S. Kebrdle, Esq. (admitted *pro hac vice*)
Kevin M. McGill, Esq. (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744
jcunningham@whitecase.com
rkebrdle@whitecase.com
kmcgill@whitecase.com

*Co-Counsel to the Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., et al., | Case No. 14-22654 (GMB) |
| Debtors.[1] | Jointly Administered |
| | **Objection Deadline: September 22, 2014 at 4:00 p.m. (ET)**<br>**Hearing Date: September 29, 2014 at 10:00 a.m. (ET)** |

### DEBTORS' SECOND OMNIBUS MOTION TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES *NUNC PRO TUNC* TO THE SHUTDOWN DATE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

MIAMI 1024081

Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby file this motion (the "Motion") pursuant to sections 105(a) and 365 of title 11 of the United States Code, 11 U.SC. §§ 101, et seq. (the "Bankruptcy Code"), for entry of an order substantially in the form attached hereto as Exhibit "A" (the "Proposed Order"), rejecting certain agreements identified on Schedule "1"[2] to the Proposed Order (each, an "Agreement" and together, the "Agreements"), nunc pro tunc to September 2, 2014 (the "Shutdown Date").  In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On June 19, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing these Chapter 11 Cases.  The Debtors continue to manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On July 2, 2014, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee").  No trustee or examiner has been requested or appointed in these Chapter 11 Cases as of the date hereof.

3. Additional background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' debt structure and information on the events leading up to the Chapter 11 Cases are contained in the Declaration of Shaun Martin in Support of First Day Motions and Applications [Docket No. 5] (the "Martin Declaration").[3]

---

[2] In accordance with Bankruptcy Rule 6006(f)(1), parties receiving the Debtors' Second Omnibus Motion to Reject Executory Contracts and Unexpired Leases should locate their names and their agreements on Schedule "1" to Exhibit "A" hereto.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Martin Declaration.

2

4. The Debtors sought and obtained approval by the Court of bid procedures with respect to the sale process, as set forth in that certain Corrected Order (A) Authorizing and Approving Bid Procedures to be Employed in Connection with the Proposed Sale of the Assets of the Debtors, (B) Scheduling an Auction and Sale Hearing, (C) Authorizing and Approving Assignment Procedures, (D) Approving the Manner and Form of Notice of the Auction and Assignment Procedures and (E) Granting Related Relief dated July 14, 2014 (the "Bid Procedures Order").  Although the Debtors received a few bids by the bid deadline, none of the bids qualified as a "Qualified Bid" in accordance with the Bid Procedures Order.

5. As a result, after consultation with the Creditors' Committee, the debtor-in-possession lenders, and representatives of the Tranche B Term Loan and Second Lien Lenders (collectively, the "Consultation Parties"), the Debtors elected to postpone the auction and engage potential bidders in further discussions to resolve outstanding issues with the bids in order to become qualified under the Bid Procedures Order.  The Debtors filed their first notice of continuance of the auction on August 6, 2014, and a subsequent notice of continuance of the auction on August 13, 2014.

6. On August 12, 2014, the Debtors issued a press release stating their intention to cease all operations by no later than September 10, 2014.  The Debtors also sent separate notices to all tenants regarding the decision to shutdown.  To implement the shutdown, the Debtors also filed with the New Jersey Division of Gaming Enforcement ("DGE") a detailed plan for the cessation of operations by September 2, 2014, which the DGE approved.  On August 18, 2014, the Debtors issued another press release stating that they will cease all operations by September 2, 2014.

**Jurisdiction**

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

8. By this Motion, pursuant to sections 105(a) and 365 of the Bankruptcy Code, the Debtors respectfully request entry of the Proposed Order attached hereto as Exhibit "A" rejecting the Agreements nunc pro tunc to the Shutdown Date.

**Basis for Relief**

9. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A debtor's motion to assume or reject an unexpired lease or executory contract is subject to judicial review under the business judgment standard. See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989); In re Trans World Airlines, Inc., 261 B.R. 103, 120-21 (Bankr. D. Del. 2001); Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987); see also Nickels Midway Pier, LLC v. Wild Waves, LLC (In re Nickels Midway Pier, LLC), 341 B.R. 486, 493 (D.N.J. 2006) ("Although the Bankruptcy Code does not specify the standard to be applied in assessing the decision of a trustee or debtor in possession to assume or reject of [sic] a contract, the Third Circuit has adopted the business judgment standard."). This standard is satisfied when a debtor determines that assumption or rejection will benefit the estate. See Sharon Steel, 872 F.2d at 39-40; Wheeling-Pittsburgh, 72 B.R. at 846.

10. A court should approve the assumption or rejection of an unexpired lease or executory contract where a debtor's business judgment has been reasonably exercised. See, e.g., In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) ("Generally, a court will give great deference to a debtor's decision to assume or reject an executory contract. A debtor need only show that its decision to assume or reject the contract is an exercise of sound business judgment – a standard which we have concluded many times is not difficult to meet."), aff'd sub nom., Pueblo Chem., Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); Wheeling-Pittsburgh, 72 B.R. at 849 ("Ordinarily, courts accord the debtor's business judgment a great amount of deference since the decision to assume or reject an executory contract is an administrative not a judicial matter."); Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

11. Only where the debtor's actions are a product of bad faith, whim, caprice or a gross abuse of its managerial discretion should the business decision be disturbed. See Trans World Airlines, 261 B.R. at 121 ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, [] whim or caprice.'" (citation omitted)); Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.), 756 F.2d 1043, 1047 (4th Cir. 1985) ("Transposed to the bankruptcy context, the rule as applied to a bankrupt's decision to reject an executory contract because of [a] perceived business advantage requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion."); III Enters., 163 B.R. at 469 ("We will not substitute our own business judgment for that of the Debtor, nor will we disturb its decision to reject the [contract] unless

5

'the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim.'") (citation omitted); Wheeling-Pittsburgh, 72 B.R. at 849 ("[T]he court should not interfere with or second guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion.").

12. Normally, the effective date of a rejection is the date that the order approving such rejection is entered. See In re Chi Chi's Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (citing In re Thinking Machs. Corp., 67 F.3d 1021, 1025 (1st Cir. 1995) (the date of court approval controls)). However, rejection may be allowed nunc pro tunc to an earlier date, including the date that the motion seeking rejection was filed. See Chi Chi's, 305 B.R. at 399 (citing Thinking Machs., 67 F.3d at 1025) (holding the bankruptcy court has discretion under principles of equity to approve a rejection retroactively to the motion filing date)); In re CCI Wireless, LLC, 297 B.R. 133, 140 (D. Colo. 2003) (same). To grant nunc pro tunc rejection, a debtor must state an unequivocal intent to reject the contract or lease. See, e.g., In re 1 Potato 2, Inc., 58 B.R. 752, 754-55 (Bankr. D. Minn. 1986) ("[T]he trustee or debtor in possession may assume or reject an executory contract or unexpired lease by clearly communicating in an unequivocal manner its intentions to either assume or reject to the lessor. The trustee or debtor-in-possession must manifest an unconditional and unambiguous decision.").

13. The ability of the Debtors' to maximize the value of their respective estates depends in large measure on their ability to relieve themselves of burdensome contracts and to keep their postpetition costs of administration to a minimum. In light of the Debtors' wind down of their operations, the Debtors have conducted a thorough review of each of the Agreements and have determined that such Agreements shall no longer be necessary or provide a

benefit to the Debtors' estates on and after the Shutdown Date.  Further, as detailed in the status report the Debtors filed with the Court on August 25, 2015 [Docket No. 536], in connection with such wind down, the Debtors submitted a shutdown plan, which was approved by the DGE, and which requires the Debtors to take certain actions including, but not limited to, prohibiting customers from accessing the Revel Casino Resort.  Accordingly, not rejecting the Agreements would place an unnecessary burden on the Debtors and their respective estates, as they cannot continue to perform under the Agreements post-shutdown.  For these reasons and others, the Debtors have determined, in the exercise of sound business judgment, to reject the Agreements, and hereby provide notice of their intent to reject the same.  Further, as mentioned above, the Debtors notified the public of the impending shutdown on August 12, 2014 and have been in communication with the counter-parties to the Agreements and their advisors regarding the same since the announcement.  In accordance with applicable law, this provision of notice should be sufficient to enable such rejection to become effective as of the Shutdown Date, notwithstanding the actual date of entry of any order approving rejection.

## Reservation of Rights

14.     The Debtors reserve all of their rights, claims and remedies in connection with the Agreements, including, but not limited to, the right to seek recharacterization of each Agreement as something other than a lease of real property.  In addition, the Debtors reserve all of their rights to object (i) to any and all claims that arise by virtue of this Motion, including, but not limited to, the application of rights under section 365(h) of the Bankruptcy Code, and (ii) to the validity and enforceability of the Agreements.

MIAMI 1024081

**Notice**

15.Notice of this Motion has been provided to the (i) Office of the United States Trustee for the District of New Jersey, (ii) counsel to the First Lien Lenders, (iii) counsel to the Second Lien Lenders, (iv) counsel to the DIP Agent, (v) counsel to the Creditors' Committee, (vi) all parties requesting notices pursuant to Bankruptcy Rule 2002, (vii) the Office of the Attorney General for the State of New Jersey, (viii) the DGE, (ix) the New Jersey Casino Control Commission, (x) the Office of the Governor for the State of New Jersey, (xi) the United States Attorneys' Office for the District of New Jersey, (xii) the United States Attorney General, (xiii) the Internal Revenue Service, (xiv) the Securities and Exchange Commission and (xvi) each of the contract counterparties listed on the list of Agreements attached hereto as Schedule "1" to Exhibit "A".  The Debtors submit that no other or further notice need be provided.

16.No previous motion for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

MIAMI 1024081

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: August 28, 2014

                                             FOX ROTHSCHILD LLP

By: /s/ *Michael J. Viscount, Jr.*
    Michael J. Viscount, Jr., Esq.
    Raymond M. Patella, Esq.
    John H. Strock, Esq.
    1301 Atlantic Avenue, Suite 400
    Atlantic City, NJ 08401
    (609) 348-4515/fax (609) 348-6834
    mviscount@foxrothschild.com
    rpatella@foxrothschild.com
    jstrock@foxrothschild.com

              – and –

    John K. Cunningham, Esq.
    (admitted *pro hac vice*)
    Richard S. Kebrdle, Esq.
    (admitted *pro hac vice*)
    Kevin M. McGill, Esq.
    (admitted *pro hac vice*)
    WHITE & CASE LLP
    Southeast Financial Center
    200 South Biscayne Boulevard, Suite 4900
    Miami, Florida 33131
    (305) 371-2700/fax (305) 358-5744
    jcunningham@whitecase.com
    rkebrdle@whitecase.com
    kmcgill@whitecase.com

    *Co-Counsel to the Debtors and Debtors in Possession*